Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment taken by default, against Samuel H. Curd, William Curd and Spencer Curd, in an action of debt brought against them upon an obligation, in the circuit court, by the Forts.
The assignment of errors, question the sufficiency of the declaration
The declaration alledges that the Curds, trading in company by their writing obligatory, sealed with their seals, and signed by Samuel H. Curd, with the signature of Samuel H. Curd, &c. and to the court shewn, promise to pay, &c.
It is objected that neither of the partners, without being specially authorised, could bind the firm by deed, and as the writing upon which the action is founded, is of that description, it is contended that the declaration should have averred the signing the name of the firm by Samuel H. Curd, to have been done under regular authority.
Were the incapicity of partners to contract by deed admitted, we should, nevertheless, be of opinion the declaration in the present suit is substantially good.
The declaration no where avers the obligation, either to have been sealed, or delivered by one only of the parties, it barely alledges the signature of the firm to have been made by Samuel H. Curd, and were the averment in relation to the signing stricken from the declaration, it would, notwithstanding, contain a good cause of action. The declaration would then conform to the most approved precedents, and contain every essential averment to the appellees’ right of action. The declaration would not then contain an averment of the obligation being signed by the appellants, but it would contain their promise to pay by a deed sealed with three seals, and according to the settled doctrine of the common law, signing is not essential to the validity of the deed: Cro. Ja. 640; Com. Digest, title Fact, B 1.
If, then, signing of the obligation is not essential to the appellees’ right to recover, it follows, that the failure to aver a legal authority in Samuel H. Curd to sign the name of the firm, cannot vitiate the declaration.
The judgment must, therefore, be affirmed with cost and damages.